UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,                    **MEMORANDUM AND ORDER**
GEICO GENERAL INSURANCE                     Case No. 1:21-cv-5717-FB-VMS
COMPANY and GEICO CASUALTY
COMPANY,

                Plaintiffs,

     -against-

DOMINIC EMEKA ONYEMA, M.D.
DEO MEDICAL SERVICES, P.C.
HEALTHWISE MEDICAL
ASSOCIATES, P.C., and
JOHN DOE DEFENDANTS "1" – "10",

                Defendants.
-----------------------------------------------x

*Appearances:*                              *For the Defendants*:
*For the Plaintiffs*:                       BRETTY GALLAWAY
SEAN GORTON                                 McLaughlin & Stern, LLP
Rivkin Radler LLP                           260 Madison Avenue
1 Linden Place, Suite 207                   New York, NY 10016
Great Neck, NY 11021

**BLOCK, Senior District Judge:**

      Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co.,

GEICO General Insurance Company, and GEICO Casualty Co. (collectively

"Plaintiffs" or "GEICO") seek enforcement of the April 27, 2023, Confidential

Settlement and Release Agreement ("Settlement") executed by Defendants

Dominic Emeka Onyema, M.D., DEO Medical Services, P.C., and Healthwise

Medical Associates, P.C. (collectively, "Defendants"). For the following reasons, Plaintiffs' motion is denied.

For background, Plaintiffs commenced this action against Defendants in 2021, alleging that Defendants wrongfully obtained hundreds of thousands of dollars from GEICO by submitting hundreds of insurances charges relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services. On May 5, 2023, Plaintiffs informed the Court that the parties agreed to the terms of the Settlement Agreement. On May 19, 2023, Plaintiffs provided the Court with a stipulation of dismissal without prejudice against Defendants and requested the Court order the stipulation and notice. That same day, the Court issued an order dismissing the case. Significantly, neither party requested, and the Court's order did not include, language authorizing the Court to retain jurisdiction to enforce the settlement agreement.

Almost a year after the Court dismissed the case, in May 2024, Plaintiffs filed a letter seeking to enforce the terms of the Settlement Agreement, citing Defendants' failure to comply with the agreed-upon terms.

However, the Court cannot enforce the Settlement Agreement because the case is not properly before the Court. Because actions to enforce settlement agreements are contract actions governed by state law, a federal district court has

2

jurisdiction to enforce settlements either through (1) ancillary jurisdiction or (2) an independent basis for federal jurisdiction.  *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).

There is no basis for ancillary jurisdiction, which exists if the court's order of dismissal either (a) expressly retains jurisdiction over the settlement agreement or (b) incorporates the terms of the settlement agreement in that order.  *Id.*  A "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  Here, the Court plainly did not retain jurisdiction or incorporate the Settlement Agreement in its order of dismissal.

Moreover, "[e]ven if there were an independent basis of jurisdiction — diversity, for example — the plaintiff could not simply file a motion for enforcement in this closed case but would be required to commence a new action." *Shanghai China Garments J & Y Imp. & Exp. Corp. v. Brooks Fitch Apparel Grp.*, No. 11 CIV. 2363 JCF, 2013 WL 1499378, at *3 (S.D.N.Y. Apr. 11, 2013).  While diversity jurisdiction may provide "the requisite basis for a federal court, as opposed to a state court, to enforce the settlement agreement . . . [a] crucial distinction [] exists between a dispute that can be brought in federal court and a dispute that can be brought directly to the previously assigned judge in a closed

3

case, effectively reopening it." *Ralph Lauren Corp. v. CSR Grp., Inc.*, No. 16-CV-3387 (RJS), 2017 WL 1861779, at *1 (S.D.N.Y. Apr. 27, 2017). Accordingly, the "dispute must be brought as a new, independent lawsuit, [and] Plaintiff must file a new complaint to enforce this settlement." *Id.*

Assuming diversity jurisdiction exists, Plaintiffs can either file their motion as a new action in federal court or move to enforce the Settlement Agreement in state court. While courts in the Second Circuit have recognized that there is "a degree of formalism in requiring Plaintiff to file a new complaint in federal court in order to enforce the settlement agreement," the Second Circuit has adopted a "precise" construction of the requirements of ancillary jurisdiction. *Id.* at * 2 (citing *Hendrickson*, 791 F.3d at 354). And parties remain free to negotiate and include the *Hendrickson*/*Kokkonen* language in their stipulation of dismissals. The Court thus advises litigants to familiarize themselves with the necessary conditions for the Court's retaining ancillary jurisdiction to avoid having to commence new litigation.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 27, 2024

4